JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 22-1697 PA (PVCx) | Date | October 5, 2022 |
|---|---|---|---|
| Title | Jesus Villalobos v. Wayfair, LLC, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Wayfair, LLC ("Removing Defendant"). (Notice of Removal, Docket No. 1.) In its Notice of Removal, Removing Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Jesus Villalobos ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-1697 PA (PVCx) | Date | October 5, 2022 |
|---|---|---|---|
| Title | Jesus Villalobos v. Wayfair, LLC, et al. | | |

Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

In its Notice of Removal, Removing Defendant asserts that defendant Luis Cardenas ("Cardenas"), an individual, is a sham defendant whose citizenship should be disregarded. (Notice of Removal ¶¶ 20-34.) Removing Defendant does not contend that Cardenas should be considered a non-resident defendant. (See generally Notice of Removal). Rather, Removing Defendant argues that Cardenas' citizenship should be disregarded because Plaintiff fraudulently joined Cardenas in order to defeat diversity jurisdiction. (Id. ¶¶ 20-34.) Specifically, Removing

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-1697 PA (PVCx) | Date | October 5, 2022 |
|---|---|---|---|
| Title | Jesus Villalobos v. Wayfair, LLC, et al. | | |

Defendant argues that "[t]he Complaint alleges only two causes of action against Mr. Cardenas for harassment and intentional infliction of emotional distress ("IIED"), respectively.  Cardenas is a 'sham' defendant fraudulently joined for the purpose of avoiding diversity jurisdiction because Plaintiff fails to plead sufficient facts to support a claim for either cause of action."  (Id. ¶ 21.)  Removing Defendant then argues that the IIED claim against Cardenas fails, because (1) the exclusivity provisions of the workers compensation law bars recovery, (2) Cardenas is immune from tort liability because he was a manager making personnel decisions, and (3) Plaintiff fails to plead sufficient facts to support the necessary elements of extreme and outrageous conduct.  (Id. ¶¶ 22-32.)  Removing Defendant also argues that the harassment claim against Cardenas fails, because Plaintiff does not allege any conduct of Cardenas that was not necessary for performance of a supervisory role.  (Id. ¶¶ 33-34.)  Each of Removing Defendant's arguments relies to some degree upon the limited allegations of Cardenas' conduct, that he "contacted Plaintiff to express his solidarity and offered his support" and "inform[ed] Plaintiff of his termination effective immediately 'due to failure to submit a "gen suits' report.""  (See Complaint ¶¶ 22, 27, Docket No. 1-1.)  As such, Removing Defendant contends that Plaintiff's allegations as to Cardenas describe a non-actionable personnel management decision, which cannot subject Cardenas to personal liability and does not support a claim for IIED or harassment.

The Court finds that Removing Defendant has failed to establish that Cardenas "cannot be liable on any theory."  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).  For the intentional infliction of emotional distress claim, the workers compensation law provides an exclusive remedy only where "the basic conditions of compensation are otherwise satisfied, and the employer's conduct neither contravenes fundamental public policy nor exceeds the risks inherent in the employment relationship."  Livitsanos v. Superior Court, 2 Cal. 4th 744, 754, 828 P.2d 1195, 1202 (1992) (internal citations omitted).  Concerning the manager's privilege, Removing Defendant concedes that it "protects a manager's right to manage personnel (including firing and hiring) without fear of independent liability, absent concrete and specific allegations that such actions were entirely for the benefit of the individual."  (Notice of Removal ¶ 25 (quoting Kacludis v. GTE Sprint Comm. Corp., 806 F. Supp. 866, 872 (N.D. Cal. 1992).)  As to the limited allegations of Cardenas' conduct, which Removing Defendant argues do not rise to the level of extreme and outrageous conduct, Plaintiff could potentially amend to include additional "aggravating factors."  See Bartalini v. Blockbuster Entm't, Inc., No. C-98-3943-SC, 1999 WL 1012383, at *10 (N.D. Cal. Nov. 8, 1999) ("[C]ourts have generally refused to extend liability for emotional distress to terminations based upon discriminatory motives unless accompanied by aggravating factors, such as racial or ethnic slurs.").  The same is true for the harassment claim, as "harassment in the workplace consists of 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently sever or pervasive to alter the conditions of the victim's

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 22-1697 PA (PVCx) | Date | October 5, 2022 |
|---|---|---|---|
| Title | Jesus Villalobos v. Wayfair, LLC, et al. | | |

employment and create an abusive working environment'" where the conduct is "'outside the scope of necessary job performance' engaged in for 'personal motives.'"  (Notice of Removal ¶ 33 (citations omitted).)  Though the complaint may be deficient as alleged, the Court cannot conclude based on the documents filed in support of the Notice of Removal that Plaintiff would not be granted leave to amend any deficient claim against defendant Cardenas.  See Nation v. Bayer Healthcare Pharmaceuticals, Inc., No. CV 13-4689 AG (ANx), 2013 WL 12144106, at *2 (C.D. Cal. Aug. 19, 2013) ("The Complaint may indeed be deficient as accused, but leave to amend those deficiencies would be appropriate.  And, Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." (internal quotations omitted)).  Thus, Removing Defendant has failed to demonstrate that complete diversity exists.  If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand."  Mireles, 845 F. Supp. 2d at 1062 (brackets in original) (quoting Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)).  The Court finds that Removing Defendant has not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on the claim against Cardenas.  The Court concludes that Removing Defendant has not adequately established the Court's subject matter jurisdiction over this action.

For the foregoing reasons, Removing Defendant has failed to meet their burden of demonstrating the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Riverside Superior Court, Case number CVRI2203550.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.